Sotero Mojica et ux., Petitioners, v. District Court of Bayamón, Respondent.

No. 1061. Argued December 16, 1935.—Decided January 31, 1936.

E. *Martínez Rivera* for petitioners. *J. P. Morales,* and *Dubón & Ochoteco* for plaintiffs in the main proceeding.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Rosalía Suárez, widow of Fuentes, and Aurelia, Elisa, María, Carmen, Rosalía, Manuela, and Francisca Fuentes Suárez brought, in the Municipal Court of Toa Alta, an action of unlawful detainer against Sotero Mojica and his wife, Candelaria Anzalota. On October 29, 1934, judgment was rendered in favor of plaintiffs. Feeling aggrieved by that judgment, the defendants appealed to the District Court of Bayamón.

On March 26, 1935, that district court sustained a demurrer interposed by the defendants on the ground of misjoinder of parties, and allowed the plaintiffs ten days to amend their complaint. The plaintiffs requested and obtained, over the objection of the defendants, an extension of ten days, and as this period elapsed without an amended complaint being filed the defendants on April 26, 1935, moved the court to render judgment dismissing the case and imposing costs on the plaintiffs. On April 26, 1935, the court entered judgment accordingly and the mandate was transmitted to the municipal court on the 30th of that month.

On the same day, April 30, and after the mandate had been transmitted, an amended complaint was filed in the district court together with a motion to set aside the judgment of April 26, 1935. The defendants opposed the motion on the ground that the court lacked jurisdiction, as the judgment had already become final (*firme*) and had been executed by the municipal court. The mandate was recalled, on motion of the plaintiffs, and on May 25, 1935, the court decided the question thus raised by an order, the dispositive part of which reads as follows:

"The judgment rendered on April 26, 1935, is hereby vacated, and the defendants are relieved from the necessity of returning to the Municipal Court of Toa Alta any sum of money which they may have deposited therein for the purposes of this appeal and withdrawn therefrom by virtue of said judgment; but they must deposit the proper rentals from and after this date."

On June 4 following, the defendants took an appeal from the above order to the Supreme Court.

At this stage of the proceedings, the plaintiffs filed in the District Court of Bayamón a "motion to dismiss the appeal." As a ground for this motion they alleged that the defendants, who in connection with their appeal to the district court from the judgment of the municipal court had been depositing monthly in said municipal court the rentals from November 12, 1934 to April 27, 1935, which amounted to $96, and then obtained the return thereof by virtue of the judgment of April 26, 1935, had failed to deposit the rentals from and after May 29, 1935, as provided by the order of that date vacating the judgment of April 26, 1935. After hearing the parties, the court, on July 31, 1935, sustained the motion of the plaintiffs and appellees and dismissed the appeal taken by the defense. Thereupon the latter moved for a reconsideration which the court refused by an order of November 27 last.

It was then that the defendants applied to this court for a writ of certiorari to review the proceedings of the district court. The writ was issued on December 3 last and the hearing was held on the 16th with the appearance of petitioners only. It appears that the other party in the unlawful detainer proceeding was notified.

Did the district court lack jurisdiction to vacate its judgment of April 26, 1935? Even if it had jurisdiction, were the defendants in the unlawful detainer proceeding bound to comply with the order vacating the judgment after they had appealed therefrom to this Supreme Court?

There is no doubt that the district court, on April 26, 1935, decided the appeal pending before it by dismissing the action of unlawful detainer, that its judgment was notified to the municipal court, and that the latter complied with it by returning to the defendants the sums they had deposited as rentals in order to keep their appeal in force.

In the case of *Manrique* v. *Ramírez,* 38 P.R.R. 482, 483, this court said:

"Although neither the law nor the rules of this court fix any time for presenting motions to reconsider, the practice has been not to send down the mandates until after ten days from the rendition of the judgments. It is within those ten days that motions to reconsider should be made, or at least notice of their presentation with a request to hold back the mandate."

Reference was then made to the case of *Royal Bank of Canada* v. *Goyco et al.,* decided *per curiam* on March 10, 1926, and extensive excerpts from Ruling Case Law and Corpus Juris were quoted (2 R.C.L. 175 and 4 C. J. 1244) on which the decision was based.

We will confine ourselves to transcribing the following extract from the citation of Ruling Case Law:

"Where, after the decision of a case and the rendition of an opinion by the appellate court, its mandate is regularly transmitted to the trial court, and spread on its records, it is well settled that the appellate court, in the absence of fraud, accident, inadvertence, or mistake, is without jurisdiction to recall the mandate and entertain a petition for a rehearing, and a motion for leave to file the same will be denied, as it is manifest that there must be a finality somewhere in all litigation and the logical point for appellate jurisdiction over an action to terminate is that time when there is again vested in the trial court jurisdiction to proceed, carry out and enforce any judgment delivered."

The text is supported by a case from Oklahoma which contains a careful study of the questions involved. We refer to the case of *Thomas* v. *Thomas,* 27 Okla. 801, 113 Pac. 1058, 35 L.R.A. (N.S.) 124, 133. From the opinion of the

court, delivered by Mr. Chief Justice Dunn, we copy the following:

"No petition for rehearing having been filed within the fifteen .days allowed by rule 9 of this court (20 Okla. ix) the mandate in the cause was sent down to the trial court on June 22, 1910, spread upon its records and a judgment entered thereon by that court, June 30, 1910. August 3, 1910 counsel for plaintiff in error filed a motion asking leave to file a petition for rehearing and an order was made.purporting to recall the mandate issued. In this condition of the case the court set the same down for briefing and oral argument both on the motion and the merits, and the issues involved have again had the attention of both court and counsel. Our jurisdiction to entertain the action is challenged upon the ground that, after this court has rendered a decision in a cause, and its mandate has gone down under the rules of the court, and is spread upon the records of the trial court, without fraud, accident, inadvertence or mistake, this court loses jurisdiction of the case and cannot entertain an application for a rehearing. This is the first time this question has been raised and presented, or that we have had occasion to investigate it, and, after giving the same our most painstaking care and consideration, we have come to the conclusion that, upon authority and reason, the objection must be sustained. It is manifest that there must be a finality somewhere in all litigation, and the logical point for the appellate jurisdiction to terminate over an action is that time when there is again vested.in the trial court jurisdiction to proceed, carry out and enforce any judgment delivered.

"A case similar to this is that of *Dempsey* v. *Billinghurst,* 8 S. D. 86. In the consideration thereof the Supreme Court of South Dakota said:

" '. . . . It is well settled, and, it would seem, could hardly be otherwise in principle, that when the *remittitur* has gone down, without fraud, accident or inadvertence, the appellate court has lost its jurisdiction of the case, and cannot recall it.'

"Speaking to the same point, the Supreme Court of South Carolina, in the case of *Carpenter* v. *Lewis,* 65 S. C. 400, said:

" 'The first question that will be considered is whether this court has jurisdiction to entertain the motion to recall the *remittitur.* Section 12 of the Code provides that, "The Supreme Court may reverse, affirm or modify the judgment, decree or order appealed from, in whole or in part, and as to any or all of the parties, and the judgment shall be remitted to the court below, to be enforced according

to law." In the case of *Sullivan* v. *Speights*, 14 S. C. 358, the court says: "Under the rules of this court, when a case is heard here and determined, the *remittitur* to the court below is not sent down immediately, but it is retained in every case for ten days, unless the court direct otherwise. And on application showing sufficient cause, either of the justices, at chambers, may direct by order that it be further retained until the third day of the next session. The object of this is to reserve jurisdiction over the case, so that, should either of the parties desire to make any motion in reference thereto, they might have the opportunity to do so, and the court the power to hear it. After the *remittitur*, however, is sent down, the case passes beyond the reach of the court and its jurisdiction is lost, and no motion can be heard by this court on the matter thereafter." '

"One of the best considered cases confirming our view on this subject is that of *Ott* v. *Boring*, 131 Wis. 472, in which that court, citing a large number of state and federal authorities, said:

" 'The question of the period of jurisdiction of purely appellate courts is a somewhat intangible one and not to be decided always upon the same principles and considerations as those which regulate the jurisdiction of courts of general jurisdiction having the function not only of trial and judgment, but also of execution of the judgment. It seems from an examination of the authorities to be well-nigh unanimously declared that, in the absence of statute making a different provision, the jurisdiction of the appellate court over a given cause terminates whenever regularly, without inadvertence or fraud, it returns the record to the court of general jurisdiction. (Citations.) This apparently rests largely upon the doctrine that when that act is done the jurisdiction of the lower court, which has been suspended meanwhile, becomes reestablished, and that both courts cannot have jurisdiction over the cause. Generally, too, it is held, in the absence of statute, that the power of an appellate court over its judgment, like that of courts generally, persists to the end of the term at which the judgment is rendered, and then absolutely terminates, except as it may be terminated earlier by the retransmission of the cause to the trial court.'

"The foregoing case may also be found reported in vol. 11 Am. & Eng. Ann. Cases, 857, where it is extensively annotated, cases being cited from nearly if not quite every state in the Union, as well as the federal courts, and the general rule deduced from them all by the author of the annotation is in accord with that we herein

announce, and is to the effect that the jurisdiction of an appellate court over a case ceases when it has regularly determined the issues involved and caused its judgment, in conformity with such determination, to be entered, and the case is remanded to the lower court for such action as may be necessary.''

Act No. 31, which regulates appeals taken to the district courts from judgments of municipal courts (Session Laws of 1934, p. 292), provides that the judgment rendered by the district court shall be transmitted immediately by its clerk to the municipal court. In the instant case it was transmitted four days later and it was not only received but also acted upon by delivering to the defendants the rentals that had been deposited. It was in fact executed, and this could be done because it was a final (*firme*) judgment in accordance with the provisions of section 18 of the Act of Unlawful Detainer of 1905.

In such a situation, it will generally be held that the district court must not act, in the absence of fraud, accident, inadvertence, or error, or other circumstances of such extraordinary character as to justify its intervention; and in the present case it was not even alleged that there had been any fraud, accident, error or inadvertence in the rendition of this judgment or in the transmission of the mandate to the municipal court, nor are there such extraordinary circumstances as would justify the intervention of the district court. What that court did was to vacate its judgment on the ground that the negligence of appellees in failing to file in time their amended complaint was excusable in view of the pressure of work upon their attorney, when in fact only a simple amendment was involved, for whose preparation a term of ten days had been granted which was subsequently extended to ten additional days that were allowed to elapse without filing the amended complaint.

Really the word ''immediately,'' used in the Act regulating the appeals from judgments of municipal courts of 1908, as amended in 1934, should perhaps be interpreted to mean

a period of five days, for example, so that the district court in meritorious cases may correct any error in the furtherance of justice or even vacate its judgment, if this action should be proper within such period.

As the district court acted without jurisdiction, it is not necessary to answer the second question already propounded. However, it seems advisable to state that if that court had acted with jurisdiction, the appeal taken from its order vacating the judgment would not have excused petitioners from complying with the same, as said appeal was not authorized by law. If the law does not authorize an appeal from the judgment itself of a district court in an unlawful detainer suit coming from a municipal court, still less may it grant an appeal from an order of the district court vacating its judgment.

For the reasons stated the orders of May 29, July 31, and November 27, 1935, complained of by the petitioners must be set aside.